# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| BRIAN J. DORSEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:24-CV-00198-HEA |
| ) | |
| TREVOR FOLEY, MYLES STRID, and ) | |
| RICHARD ADAMS, ) | |
| ) | |
| Defendants. ) | |

## OPINION, MEMORANDUM AND ORDER

This closed civil case is now before the Court upon Plaintiff Brian J. Dorsey's "Motion for Reconsideration/Relief from a Judgment Pursuant to Federal Rules of Civil Procedure 59(e), 60(b)(6), and/or 60(d)(1), and Request to File Attached New/Amended Complaint Instanter." (ECF No. 33/filed March 6, 2024). In the motion, Plaintiff asks this Court to relieve him from, or withdraw or vacate, its March 4, 2024 dismissal of this action. The Defendants oppose the motion, and it is fully briefed. For the reasons explained below, the Court denies the motion.

### Background

The background of this case is fully set forth in the Court's March 4, 2024 Opinion, Memorandum and Order. However, the Court provides the following recitation.

Plaintiff is a Missouri State prisoner who is represented by counsel. The Defendants are Missouri Department of Corrections (MDOC) officials. As of the date of this Order, Plaintiff is scheduled to be executed on April 9, 2024, pursuant to the Missouri Supreme Court's December 13, 2023 Warrant of Execution.

Plaintiff filed this action on February 9, 2024 to assert claims related to the MDOC's execution protocol. The parties do not dispute that Plaintiff's claims fall within the Prison Litigation Reform Act of 1996 (PLRA), which provides, in relevant part:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Plaintiff did not exhaust available administrative remedies as to any of his claims before filing this action. Instead, he sent a letter to the MDOC's general counsel on January 26, 2024, and filed this action before receiving a response addressing his claims.

Asserting the affirmative defense of failure to exhaust administrative remedies, the Defendants moved for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. On March 4, 2024, the Court granted the motion, and dismissed this action. The Court stated the dismissal was without prejudice, but did not encourage Plaintiff to file an amended complaint in this action. Late in the evening of March 4, 2024, Plaintiff filed an Amended Complaint. The Court struck the Amended Complaint the following day.

Plaintiff filed the instant motion on March 6, 2024 to seek relief from the March 4, 2024 dismissal. He does not challenge the basis for dismissal, or point to any legal or factual errors. Instead, he argues he has now exhausted administrative remedies, and should be allowed to amend his complaint to cure his failure to exhaust before filing this action. He characterizes the timing of the dismissal as "unfortunate" because "at the time of dismissal Dorsey had just exhausted his administrative remedies. He simply had not yet had the opportunity to file with this Court his Amended Complaint perfecting that defect." (ECF No. 33 at 1). Noting that the Court dismissed this action without prejudice, Plaintiff avers that the Amended Complaint establishes that he has now exhausted administrative remedies. Plaintiff writes:

> Accordingly, and in the interests of fairness, justice, and judicial economy, Petitioner requests this Court relieve Dorsey from the final judgment under Federal Rule of Civil Procedure 60(b)(6), or, alternatively, reconsider and alter (by withdrawing) its dismissal order and judgment under Rule 59(e). Similarly, this Court can invoke its powers to relieve Dorsey from the final judgment under Rule 60(d)(1). This Motion is timely under Rules 59(e) and 60(b)(6), because it is filed mere hours after the Court entered the dismissal order and judgment.

*Id.* at 2.  Plaintiff also writes:

> 1) this is a death-penalty case in which the ultimate punishment is involved, and that execution date—April 9, 2024—draws ever closer with each passing day; 2) Dorsey had already exhausted his administrative remedies when the Court entered its dismissal order and judgment; 3) the dismissal was without prejudice to refiling after exhaustion, which has now been completed; and 4) a day elapsed between when the Court entered its order and judgment and Dorsey's filing of this Motion. Thus, the interests for this Court's consideration under Rules 59(e), 60(b)(6), or 60(d)(1) counsel in favor of granting this Motion. Furthermore, there is no prejudice to Defendants to follow this procedural pathway, as compared to refiling Dorsey's (amended) Complaint in a new case.

*Id.* at 2-3.  Plaintiff requests "expedited consideration" of the instant motion.  *Id.* at 3.

Hours later, Defendants responded that Plaintiff has not established entitlement to relief under Rule 59(e), 60(b)(6), or 60(d)(1).  They contend it is unclear that granting Plaintiff relief and allowing him to amend would cure his failure to exhaust before filing this action.  In reply, Plaintiff asserts he received responses from the MDOC on March 4, 2024 that "satisfy exhaustion, curing the defect this Court relied upon in dismissing his Complaint."  (ECF No. 37 at 2).  He contends that the "procedurally appropriate approach is to grant the Motion for Reconsideration, file the Amended Complaint in the above-captioned matter (rather than forcing Dorsey to file an entirely new case altogether)," and the "[d]efendants can bring a new motion to dismiss for failure to exhaust administrative remedies [as to] whichever claims they believe are yet unexhausted."  *Id.*  He "requests this Court relieve Dorsey from the final judgment under Federal Rule of Civil Procedure 60(b)(6), or, alternatively, reconsider and alter (by withdrawing)

3

its dismissal order and judgment under Rule 59(e)," or "invoke its powers to relieve Dorsey from the final judgment under Rule 60(d)(1)." *Id.* at 3.

## Discussion

The Court first addresses Plaintiff's request for relief under Rule 60(d)(1), which provides that Rule 60 does not limit a court's power to "entertain an independent action to relieve a party from a judgment, order, or proceeding[.]" Fed. R. Civ. P. 60(d)(1). Here, Plaintiff has not filed an independent action. He has filed a motion in this closed action. He therefore does not invoke Rule 60(d)(1), and is not entitled to relief under it. *See Blackwell v. United States*, No. 4:99-CV-1687-CAS, 2009 WL 3334895, at *7 (E.D. Mo. Oct. 14, 2009).

The Court now addresses Plaintiff's request for relief under Rules 59(e) and 60(b)(6). Rule 59(e) motions "serve a limited function of correcting 'manifest errors of law or fact or to present newly discovered evidence,'" and allow a court to correct its own mistakes in the time immediately following judgment. *Innovative Home Health Care, Inc. v. P.T.-O.T. Associates of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998) (internal quotation omitted). Rule 60(b)(6) allows a court to relieve a party from a final judgment for "any other reason that justifies relief." A party seeking relief under Rule 60(b)(6) must "show 'extraordinary circumstances' justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

In the instant motion, Plaintiff does not point to any mistake or manifest errors of law or fact, or any newly discovered evidence. He does argue he has now exhausted administrative remedies, and this case should therefore be reopened to allow him to file an amended pleading to cure his failure to satisfy 42 U.S.C. § 1997e(a)'s prerequisite before filing this action.

Plaintiff does not cite, and the Court is not aware, of controlling precedent stating that he would be able to cure his failure to exhaust in the manner he describes. The Court is aware of

dicta in *Ramirez v. Collier*, 595 U.S. 411, 423 (2022), stating that filing an amended complaint after exhaustion arguably cured a defective original complaint.  However, the Supreme Court then stated it was not definitively resolving that issue.  As Defendants contend, Eighth Circuit precedent strongly indicates that an amended pleading would not cure the failure to exhaust administrative remedies before filing an action.  In *Johnson v. Jones*, 340 F.3d 624, 627–28 (8th Cir. 2003), the Eighth Circuit determined that the failure to exhaust cannot be cured by a continuance or other proceedings in the same action, and instead, outright dismissal was mandatory.

Plaintiff also argues entitlement to relief because his execution date is approaching, suggesting the need to expediently address his claims.  The Court recognizes that time is running out.  However, Plaintiff offers no basis to conclude that granting him the relief he seeks would result in faster adjudication of his claims.  Instead, as Defendants contend, granting the instant motion would likely create a case with "built-in reversible error that will prevent higher courts from reaching the merits" of Plaintiff's claims.  (ECF No. 36 at 6).  Plaintiff also notes that this Court dismissed this action without prejudice.  However, the Court did not encourage Plaintiff to file an amended complaint in this action.

As the Defendants contend, Plaintiff chose to file this action before satisfying § 1997e(a)'s prerequisite.  Relief under Rule 60(b)(6) is available only in "extraordinary circumstances." *Gonzalez*, 545 U.S. at 535.  Courts should not grant relief under Rule 60(b)(6) to "rescue a litigant from strategic choices that later turn out to be improvident." *Salazar ex rel. Salazar v. District of Columbia*, 633 F.3d 1110, 1120 (D.C. Cir. 2011) (internal citations omitted).

The Court finds that Plaintiff has failed to establish entitlement to relief under Rules 59(e), 60(b)(6), or 60(d)(1).  The Court will therefore deny the motion.  The Court will deny as moot Plaintiff's motion seeking leave to file an exhibit under seal.  The Court offers no opinion as to whether Plaintiff has now exhausted administrative remedies as to any claim.  Nothing in this Order shall be interpreted as preventing Plaintiff from filing a new civil action.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Brian J. Dorsey's "Motion for Reconsideration/Relief from a Judgment Pursuant to Federal Rules of Civil Procedure 59(e), 60(b)(6), and/or 60(d)(1), and Request to File Attached New/Amended Complaint Instanter" (ECF No. 33) is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's "Motion for Leave to File Exhibit 8 Under Seal" (ECF No. 34) is **DENIED** as moot.

Dated this 8th day of March, 2024.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE